UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANN HENEGHAN , individually, and as Personal Representative of the Estate of CATHLEEN DELIA ROSS, and JOHN ROSS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CROWN CRAFTS INFANT PRODUCTS, IND., a Delaware Corporation; WILLIAM SEARS, M.D., d/b/a SEARS PEDIATRICS AND FAMILY MEDICINE, INC., a California Corporation<br><br>Defendants. | CASE NO. C10-05908RJB<br><br>ORDER ON WILLIAM SEARS, M.D. D/B/A SEARS PEDIATRICS AND FAMILY MEDICINE, INC.'S AMENDED RULE 12(B)(6) MOTION TO DISMISS |

This matter comes before the court on Defendant William Sears, M.D. d/b/a Sears

Pediatrics and Family Medicine, Inc.'s Amended Rule 12(b)(6) Motion to Dismiss. Dkt. 26.

The court has considered the pleadings filed in support of and in opposition to the motion and the

file herein.

ORDER ON WILLIAM SEARS, M.D. D/B/A
SEARS PEDIATRICS AND FAMILY MEDICINE,
INC.'S AMENDED RULE 12(B)(6) MOTION TO
DISMISS- 1

## PROCEDURAL HISTORY

*A. The Original Complaint*

On December 14, 2010, Plaintiffs filed this action for damages and wrongful death against Defendant Crown Crafts Infant Products, Inc., d/b/a Noel Johanna, Inc. Dkt. 1. As stated in the original complaint, the Plaintiffs' claims arose from the death of 3-month old C.R. in October 2004. Dkt. 1 at 6. C.R. was found unresponsive in a Nojo – The Original Baby Sling ("Nojo sling" or "sling") by her mother, Plaintiff Ann Heneghan, on October 23, 2004. Dkt. 1 at 6. Evaluation at the hospital indicated that C.R. was brain dead, and C.R. was removed from life support and died on October 27, 2004. Dkt. 1 at 6-7.

The original complaint did not include Dr. William Sears as a Defendant.

*B. Dr. Sears Added as a Defendant*

On April 28, 2011, the parties filed a stipulated motion to add William Sears, M.D. and Sears Family Pediatrics as Defendants. Dkt. 11. The motion also added John Ross, C.R.'s father, as a Plaintiff. Dkt. 11 at 1. The court entered an order granting the motion. Dkt. 12.

Counsel appeared as William Sears, M.D. d/b/a Sears Pediatrics and Family Medicine, Inc. Dkt. 22. While the structure of the corporation is not clear from the stipulated motion and pleadings, the court will refer to William Sears, M.D. d/b/a Sears Pediatrics and Family Medicine, Inc. as "Dr. Sears."

*C. The Amended Complaint*

Plaintiffs filed an amended complaint on May 2, 2011, setting forth causes of action against both Defendant Crown Crafts and Defendant Dr. Sears. Dkt. 13.

In the amended complaint, facts asserted by Plaintiffs include the following:

1   1. Crown Crafts Infant Products, Inc. is engaged in the development, design, testing,

2      manufacture, assembly, production, marketing, advertising, and sale of infant and

3      toddler products through retail stores throughout the United States and Washington

4      State.  Dkt. 13 at 4.

5   2. Dr. Sears is a pediatrician engaged in the development, design, testing, and promotion

6      of infant products throughout the United States and Washington State.  Dkt. 13 at 4.

7   3. Dr. Sears was involved in the development, design, testing, and promotion of the

8      Nojo sling.  Dr. Sears promoted the Nojo sling through his web-site and publications

9      including "The Baby Book" to mothers (Dkt. 13 at 5) throughout the United States

10     and including mothers in the Western District of Washington.  Dkt. 13 at 4-5.

11  4. On March 12, 2010, the Consumer Product Safety Commission (CPSC) reported that

12     over fourteen infant suffocation deaths had occurred with baby sling-style carriers

13     over the past twenty-years.  Dkt. 13 at 5.

14  5. The CPSC determined that it is dangerous for infants younger than four months of

15     age to be placed in baby slings.  Dkt. 13 at 5.

16  6. The Nojo sling was marketed and sold to mothers as a nurturing device that is

17     supposed to make the baby closer to the mother and prevent Sudden Infant Death

18     Syndrome.  Dr. Sears continues to promote infant slings making claims that infants

19     who are placed in slings are smarter, cry less, grow better, and that slings are the

20     "safest place for babies in the whole world."  Dkt. 13 at 6.

21  7. In August 2004, Ms. Heneghan purchased a Nojo sling in excellent condition from a

22     second hand baby products store.  Three tags were affixed to the sling.  The first read,

23     "NOJO. THE ORIGINAL BABY SLING,"  A second tag reads, "NOJO. NOEL

24

ORDER ON WILLIAM SEARS, M.D. D/B/A
SEARS PEDIATRICS AND FAMILY MEDICINE,
INC.'S AMENDED RULE 12(B)(6) MOTION TO
DISMISS- 3

1    JOHANNA, INC. RN 83515."  A third tag lists care instructions in English and in

2    Spanish and reads, in part, "MADE IN CHINA. RN 83515…"  There were no

3    additional warnings or instructions affixed to the infant sling.  Dkt. 13 at 6.

4        8.  Dr. Sears authored a book titled "The Baby Book (Second Edition)," promoting the

5            Nojo sling to mothers in the following manner:

6                Initially parents may feel uncomfortable wearing their newborn because baby
                seems scrunched down too far in the sling. Remember, your baby was scrunched
7                in the womb, so she is used to this secure feeling. Being curled up is a natural
                position for a newborn. Colicky babies especially are comforted by rolling into a
8                little ball and drawing their legs up into their abdomen.

9            Dkt. 13 at 7.

10       9.  Ms. Heneghan followed these instructions in using the Nojo sling with C.R. and used

11           the sling as recommended by Dr. Sears.  Dkt. 13 at 7.

12       Based on these facts, and other facts asserted in the amended complaint, Plaintiffs claim

13   that Crown Crafts Infant Products, Inc., and Dr. Sears are liable under the Washington Products

14   Liability Act, RCW 7.72 *et. seq.* (WPLA), because the Nojo sling was defective and not

15   reasonably safe when it left the control of Crown Crafts Infant Products, Inc.  Dkt. 13 at 10.

16                                  MOTION TO DISMISS

17       On December 15, 2011, Dr. Sears filed this motion to dismiss, requesting that Plaintiffs'

18   claims against Sears should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. 26 at 2-3.

19   Dr. Sears claims that Plaintiffs' amended complaint fails to plead evidentiary facts against Dr.

20   Sears that state a claim for relief under the WPLA.  Dkt. 26 at 3-7.

21       On January 3, 2012, Plaintiffs responded, first asserting that the amended complaint

22   complies with Fed. R. Civ. P. 8(a).  Dkt. 30 at 1.  Plaintiffs additionally assert that Dr. Sears'

23   claim that he is not a product seller under the WPLA is erroneous, and that Dr. Sears is subject to

24
ORDER ON WILLIAM SEARS, M.D. D/B/A
SEARS PEDIATRICS AND FAMILY MEDICINE,
INC.'S AMENDED RULE 12(B)(6) MOTION TO
DISMISS- 4

1 liability under the WPLA. Dkt. 26 at 10. Plaintiffs also claim that Dr. Sears is subject to suit

2 under the WPLA because the Nojo sling is marketed under his trade-name and brand name. Dkt.

3 30 at 12.

4       On January 6, 2012, Dr. Sears replied that he was not arguing that Plaintiffs' claims must

5 be dismissed under Fed. R. Civ. P. 8(a), but rather that the claims do not allege sufficient facts to

6 support a cognizable legal theory for liability. Dkt. 37 at 2. Dr. Sears also asserts that he did not

7 sell Plaintiffs the Nojo sling, and that Plaintiffs' claims should be dismissed due to failure to

8 allege a claim under the WPLA. Dkt. 37 at 2-4. Finally, Dr. Sears claims that he is not liable for

9 products sold with his brand name when he did not sell the relevant product. Dkt. 37 at 4-6.

10 STANDARD FOR MOTION TO DISMISS

11       Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable

12 legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri*

13 *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken

14 as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d

15 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

16 need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

17 to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

18 a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

19 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief

20 above the speculative level, on the assumption that all the allegations in the complaint are true

21 (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to

22 relief that is plausible on its face." *Id*. at 1974.

23

24

1   In considering the motion to dismiss, the court has relied on the pleadings, and has

2   excluded other documents filed by the parties that are outside those pleadings. *See* Fed. R. Civ.

3   P. 12(d).

4                                              DISCUSSION

5          The question before the court is whether Plaintiffs' amended complaint fails to state a

6   claim under which relief may be granted.   In the amended complaint, Plaintiffs claim that the

7   Defendants are liable under the WPLA because the Nojo sling was defective and not reasonably

8   safe when it left the control of Crown Crafts Infant Products, Inc.

9          *A.  Product Seller*

10         Dr. Sears asserts in his motion to dismiss that he is not liable under the WPLA because he

11  is not a product seller.  Dkt. 26 at 3-6.  Product seller is defined at RCW 7.72.010(1), which

12  provides that:

13         "Product seller" means any person or entity that is engaged in the business of selling
           products, whether the sale is for resale, or for use or consumption. The term includes a
14         manufacturer, wholesaler, distributor, or retailer of the relevant product. The term also
           includes a party who is in the business of leasing or bailing such products.
15
    Manufacturer is defined at RCW 7.72.010(2), which provides that:
16
           "Manufacturer" includes a product seller who designs, produces, makes, fabricates,
17         constructs, or remanufactures the relevant product or component part of a product before
           its sale to a user or consumer. The term also includes a product seller or entity not
18         otherwise a manufacturer that holds itself out as a manufacturer.

19         A product seller acting primarily as a wholesaler, distributor, or retailer of a product may
           be a "manufacturer" but only to the extent that it designs, produces, makes, fabricates,
20         constructs, or remanufactures the product for its sale. A product seller who performs
           minor assembly of a product in accordance with the instructions of the manufacturer shall
21         not be deemed a manufacturer. A product seller that did not participate in the design of a
           product and that constructed the product in accordance with the design specifications of
22         the claimant or another product seller shall not be deemed a manufacturer for the
           purposes of RCW 7.72.030(1)(a).
23

24
    ORDER ON WILLIAM SEARS, M.D. D/B/A
    SEARS PEDIATRICS AND FAMILY MEDICINE,
    INC.'S AMENDED RULE 12(B)(6) MOTION TO
    DISMISS- 6

1     Dr. Sears claims that the definition of product seller includes within it a requirement that

2     the product seller be a manufacturer, wholesaler, distributor, or retailer of the relevant product.

3     Dkt. 26 at 4.  He contends that the amended complaint does not sufficiently allege facts that

4     would establish that he is either a product seller or a manufacturer.  Dr. Sears' argument is not

5     consistent with a plain reading of RCW 7.72.010(1), where a product seller is defined in the first

6     sentence as *any person* engaged in the business of selling products, whether the sale is for resale,

7     or for use or consumption.  *See* 16 WAPRAC § 16.3 n.10.  Moreover, Dr. Sears arguably could

8     be considered to be a manufacturer under RCW 7.72.010(2).

9     The amended complaint alleges facts sufficient to state a claim that Dr. Sears is a product

10    seller under the WPLA.

11        *B.  Relevant Product*

12    Dr. Sears asserts in his motion to dismiss that he is not liable under the WPLA because he

13    is not a product seller of the *relevant product*.  Dr. Sears contends that he did not sell *the relevant*

14    *product* to plaintiffs.  Dkt. 26 at 5.  This is not consistent with the plain meaning of the term

15    *relevant product*; in this case the Nojo sling purchased by Ms. Heneghan.  *Relevant product* may

16    include products purchased in a second hand store; to find otherwise would assign an

17    interpretation to *relevant product* not found in the statutory language.

18    The amended complaint alleges facts sufficient to state a claim that Dr. Sears is a product

19    seller of the *relevant product* under the WPLA.

20        *C.  Marketing*

21    Lastly, Dr. Sears argues that there is no liability under the WPLA for "designing,

22    developing, testing, marketing, promoting or recommending a product," and therefore that the

23    section of the amended complaint that claims that Dr. Sears engaged in these activities is not a

24

1 valid cause of action. Dkt. 26 at 5-7. Plaintiffs point to RCW 7.72.040(e)(2) in response,

2 claiming that in this section the WPLA provides that a product seller, other than a manufacturer,

3 "shall have the liability of a manufacturer to the claimant if: (e) the product was marketed under

4 a trade name or brand name of the product seller." This claim is based on a cognizable legal

5 theory which states a claim under which relief may be granted.

6      *D. Conclusion*

7      Review of the relevant sections of the WPLA indicates that Plaintiffs have alleged

8 enough facts to state a claim to relief that is plausible on its face, and that Dr. Sears' motion to

9 dismiss should be denied.

10      Therefore, it is hereby **ORDERED** that Defendant William Sears, M.D. d/b/a Sears

11 Pediatrics and Family Medicine, Inc.'s Amended Rule 12(b)(6) Motion to Dismiss (Dkt. 26) is

12 **DENIED**.

13      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

14 to any party appearing *pro se* at said party's last known address.

15      Dated this 3rd day of February, 2012.

16

17                        _____

18                        ROBERT J. BRYAN
                       United States District Judge

19

20

21

22

23

24