UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANN HENEGHAN, individually, and as Personal Representative of the Estate of CATHLEEN DELIA ROSS, and JOHN ROSS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>CROWN CRAFTS INFANT PRODUCTS, INC., a Delaware Corporation; WILLIAM SEARS, M.D. d/b/a SEARS PEDIATRICS AND FAMILY MEDICINE, INC., a California Corporation,<br><br>Defendants. | CASE NO. C10-05908RJB<br><br>ORDER DENYING WILLIAM SEARS, M.D. D/B/A SEARS PEDIATRICS AND FAMILY MEDICINE, INC'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the court on William Sears, M.D. d/b/a Sears Pediatrics and Family Medicine, Inc's Motion for Summary Judgment (Dkt. 46). The court has considered the relevant documents and the remainder of the file herein.

ORDER DENYING WILLIAM SEARS, M.D.
D/B/A SEARS PEDIATRICS AND FAMILY
MEDICINE, INC'S MOTION FOR SUMMARY
JUDGMENT- 1

RELEVANT FACTS

This case concerns the death of 3-month old C.R. in October 2004 after being found unresponsive in a Nojo - The Original Baby Sling ("Nojo sling" or "sling") by her mother, Plaintiff Ann Heneghan.

Defendant Dr. Sears is a medical doctor specializing in pediatric medicine, who—according to his declaration—popularized the parenting style called "babywearing," which includes the use of an infant carrier. Dkt. 48 at 1. In 1985, Dr. Sears hired an engineer who designed the sling and incorporated some modifications to the sling. Dkt. 48 at 1. In 1988, Dr. Sears entered into an exclusive licensing agreement with Noel Joanna, Inc., a predecessor of Co-Defendant Crown Crafts, who manufactured, marketed, and sold the sling as the "NoJo Original Baby Sling." Dkt. 48 at 2.

Dr. Sears is the author, along with Martha Sears, of *The Baby Book: Everything You Need to Know about Your Baby – From Birth to Age Two* ("Baby Book"). Dkt. 55-1, Exh. A at 2. In the section titled "Resources" of the version of the Baby Book copyrighted in 2003, Dr. Sears provides under the subheading "Baby Carriers," a phone number for "The Original Baby Sling," and the websites "www.AskDrSears.com" and "www.nojo.com." Dkt. 55-1, Exh. A at 21. Also under the "Baby Carriers" subheading, Dr. Sears provides the phone number and web site for Crown Crafts Infant Products. Dkt. 55-1, Exh. A at 21.

Plaintiff Ann Heneghan, C.R.'s mother, had purchased and used a Nojo sling in a consignment store, after seeing the product referenced in the Baby Book by Dr. Sears. Dkt. 34 at 1, Dkt. 47-1 Exh. A at 5. On October 23, 2004, Ms. Heneghan visited a retail store, taking C.R. with her into the store. Dkt. 34 at 2. At some point, Ms. Heneghan placed C.R. in the sling, where C.R. remained for approximately 10-15 minutes. Dkt. 34 at 2. When Ms. Heneghan

removed the sling so that she could put C.R. in the car seat, she noticed that her daughter was unresponsive. Dkt. 34 at 2. C.R.'s heartbeat and breathing were restored by paramedics, but it was determined at the hospital that she was essentially brain dead. Dkt. 34 at 2. C.R. was removed from life support and died on October 27, 2004. Dkt. 34 at 2.

## PROCEDURAL HISTORY

On December 14, 2010, Plaintiffs filed this action for damages and wrongful death against Defendant Crown Crafts Infant Products ("Crown Crafts"). Dkt. 1. The original complaint did not include Dr. Wiliam Sears as a Defendant. Crown Crafts appeared on January 25, 2011 (Dkt. 5), and filed an answer on February 1, 2011 (Dkt. 6).

On April 28, 2011, the parties filed a stipulated motion to add William Sears, M.D. and Sears Family Pediatrics as Defendants. Dkt. 11. The motion also added John Ross, C.R.'s father, as a Plaintiff. Dkt. 11 at 1. The court entered an order granting the motion. Dkt. 12. Counsel appeared for William Sears, M.D. d/b/a Sears Pediatrics and Family Medicine, Inc. Dkt. 22. While the structure of the corporation is not clear from the stipulated motion and pleadings, the court will refer to William Sears, M.D. d/b/a Sears Pediatrics and Family Medicine, Inc. as "Dr. Sears."

On May 2, 2011, Plaintiffs filed an amended complaint, setting forth causes of action against both Defendant Crown Crafts and Defendant Dr. Sears. Dkt. 13. Based on the foregoing allegations, and other allegations asserted in the amended complaint, Plaintiffs claim that Crown Crafts Infant Products, Inc. and Dr. Sears are liable under the Washington Products Liability Act, RCW 7.72 et. seq. (WPLA) because the Nojo sling was defective and not reasonably safe when it left the control of Crown Crafts Infant Products, Inc. Dkt. 13 at Paragraph 4.3.

ORDER DENYING WILLIAM SEARS, M.D.
D/B/A SEARS PEDIATRICS AND FAMILY
MEDICINE, INC'S MOTION FOR SUMMARY
JUDGMENT- 3

On December 15, 2011, Dr. Sears filed a motion to dismiss, asking that Plaintiffs' claims against him should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 26 at 2-3. Dr. Sears claimed that Plaintiffs' amended complaint failed to plead evidentiary facts against Dr. Sears alleging a claim for relief under the WPLA. Dkt. 26 at 3-7. The court denied the motion. Dkt. 42.

## WILLIAM SEARS, M.D.'S MOTION FOR SUMMARY JUDGMENT CLAIMING HE IS NOT A PRODUCT SELLER OF THE RELEVANT PRODUCT

On March 8, 2012, Dr. Sears filed this motion for summary judgment, asking that the court grant summary judgment dismissing all claims against Dr. Sears. Dkt. 46. Dr. Sears argues that he is not a product seller of the relevant product—which Dr. Sears labels "the subject Nojo sling"—under the WPLA. Dkt. 46 at 3.

On March 26, 2012, Plaintiffs filed a brief in opposition to Dr. Sears' motion for summary judgment. Dkt. 54. Plaintiffs assert that Dr. Sears' motion for summary judgment is nearly identical to the previously filed 12(b)(6) motion to dismiss (Dkt. 26). Dkt. 54 at 1. Plaintiffs further argue that the court should deny the motion for summary judgment because Dr. Sears is subject to liability under the WPLA because he is a product seller and a manufacturer under RCW 7.72.010(1) and RCW 7.72.010(2), respectively. Dkt. 54 at 10-12. Plaintiffs also assert that Dr. Sears is liable for the marketing and selling of the Nojo sling in a false and misleading manner pursuant to RCW 7.72.040.

On March 29, 2012, Dr. Sears filed a reply. Dkt. 56. Dr. Sears asserts that this court's order on Dr. Sears' Amended Rule 12(b)(6) motion to dismiss is not dispositive of Dr. Sears' motion for summary judgment. Dkt. 56 at 4-5. Dr. Sears also asserts that Plaintiffs offer no evidence that Dr. Sears sold the relevant product—"the Nojo sling purchased by Plaintiffs" (Dkt.

56 at 5)—to anyone at any time. Dkt. 56 at 5-6. Dr. Sears further argues that he is not liable for negligent misrepresentation unless he sold the Nojo sling purchased by Plaintiffs, and that he is not liable for "promoting," "marketing," or "inducing the purchase" of Nojo slings. Dkt. 56 at 6-7.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor

ORDER DENYING WILLIAM SEARS, M.D.
D/B/A SEARS PEDIATRICS AND FAMILY
MEDICINE, INC'S MOTION FOR SUMMARY
JUDGMENT- 5

of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Because these events occurred in the State of Washington, Washington substantive law applies in this diversity case.

## DISCUSSION

The question before the court is whether summary judgment is proper on Plaintiffs' claims against Dr. Sears under the WPLA. The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. However, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring the trier of fact to resolve the differing versions of the truth.

*Plaintiffs' claims against Dr. Sears under the WPLA*

Three provisions of the WPLA relate to Dr. Sears' motion for summary judgment: (1) RCW 7.72.010(1) defines a product seller; (2) RCW 7.72.010(2) defines a manufacturer; and (3) RCW 7.72.040 addresses liability of a product seller other than a manufacturer. Dr. Sears' motion also references RCW 7.72.030, which provides for the liability of a manufacturer under the WPLA. Dkt. 46 at 5.

1. *RCW 7.72.010(1) and (2)*

Dr. Sears appears to base his motion on his contention that he did not sell the Nojo sling in which C.R. was found unresponsive to Plaintiff Ann Heneghan or to a preceding owner. *See* Dkt. 46 at 1-2, 3, 6. He argues that "Plaintiffs have no evidence that Dr. Sears ever sold the 'relevant product,' as required for liability under the WPLA." Dkt. 46 at 6. In response, Plaintiffs identify issues of fact, such as Dr. Sears' involvement in the design and development of the Nojo sling; his involvement in the promotion and marketing of the product; and his promotion of "babywearing" in his book which also includes his web site as a place to purchase the sling. Dkt. 54 at 3-5.

The relevant sections of RCW 7.72.010 provide:

(1) Product seller. "Product seller" means any person or entity that is engaged in the business of selling products, whether the sale is for resale, or for use or consumption. The term includes a manufacturer, wholesaler, distributor, or retailer of the relevant product. The term also includes a party who is in the business of leasing or bailing such products. . . .
. . . .

(2) Manufacturer. "Manufacturer" includes a product seller who designs, produces, makes, fabricates, constructs, or remanufactures the relevant product or component part of a product before its sale to a user or consumer. The term also includes a product seller or entity not otherwise a manufacturer that holds itself out as a manufacturer.

A product seller acting primarily as a wholesaler, distributor, or retailer of a product may be a "manufacturer" but only to the extent that it designs, produces, makes, fabricates, constructs, or remanufactures the product for its sale. A product seller who performs minor assembly of a product in accordance with the instructions of the manufacturer shall not be deemed a manufacturer. A product seller that did not participate in the design of a product and that constructed the product in accordance with the design specifications of the claimant or another product seller shall not be deemed a manufacturer for the purposes of RCW 7.72.030(1)(a).

Statutory provisions setting forth the definitions of product seller and manufacturer under the WPLA are not consistent with the narrow understanding of *relevant product* that Defendants

set forth in their motion. RCW 7.72.010(3) is similarly broad, providing that "The 'relevant product' under this chapter is that product or its component part or parts, which gave rise to the product liability claim." Plaintiffs have met their burden of showing sufficient connection between Dr. Sears' design, promotion, and selling of Nojo slings, and the Nojo sling purchased by Plaintiff Ann Heneghan, that the question of whether Dr. Sears is a product seller or manufacturer of the relevant product should be determined by the trier of fact.

    2. *RCW 7.72.040*

Dr. Sears' motion briefly mentions RCW 7.72.040, which provides for the liability of a product seller other than the manufacturer. Dkt. 46 at 5. Plaintiff's opposition to the motion for summary judgment sets forth this statute as a separate basis for liability under the WPLA. Dkt. 54 at 13-14. Plaintiffs argue that "even if Defendant Sears did not meet the definition of a manufacturer . . . he is liable for negligence, breach of the express warranties regarding the product including his false and misleading representations regarding the product." Dkt. 54 at 13. To this assertion, Dr. Sears replies that he should not be liable for negligent misrepresentation unless he sold the Nojo sling purchased by Plaintiff Ann Heneghan. Dkt. 56 at 6.

RCW 7.72.040 provides in relevant part:

(1) Except as provided in subsection (2) of this section, a product seller other than a manufacturer is liable to the claimant only if the claimant's harm was proximately caused by:

    (a) The negligence of such product seller; or

    (b) Breach of an express warranty made by such product seller; or

    (c) The intentional misrepresentation of facts about the product by such product seller or the intentional concealment of information about the product by such product seller.

(2) A product seller, other than a manufacturer, shall have the liability of a manufacturer to the claimant if:

. . . .

        (e) The product was marketed under a trade name or brand name of the product seller.

. . . .

As discussed in subsection (2), *supra*, the question of whether Dr. Sears is a product seller of the relevant product is a question to be determined by the trier of fact. Dr. Sears' potential liability under section 7.72.040 of the WPLA, like his possible liability under RCW 7.72.010, should be resolved at trial.

For these reasons, the court should deny Dr. Sears' motion for summary judgment.

## ORDER

Therefore, it is hereby

**ORDERED** that William Sears, M.D. d/b/a Sears Pediatrics and Family Medicine, Inc's Motion for Summary Judgment (Dkt. 46) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of April, 2012.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge