1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| ANN HENEGHAN, individually, and as Personal Representative of the Estate of CATHLEEN DELIA ROSS, and JOHN ROSS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> CROWN CRAFTS INFANT PRODUCTS, INC., a Delaware Corporation; WILLIAM SEARS, M.D. d/b/a SEARS PEDIATRICS AND FAMILY MEDICINE, INC., a California Corporation, <br><br> Defendants. | CASE NO. C10-05908RJB <br><br> ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CAUSATION |

20

21

22

23

24

        This matter comes before the court on the above referenced motion (Dkt. 51).  The court

is familiar with the records and files herein and all documents filed in support of and in

opposition to this motion.  The court has paid particular attention to the documents submitted

that contain the opinions of plaintiffs' medical experts, Dr. Eric Kiesel, Dr. John D. Howard, and

ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON CAUSATION-
1

1  Dr. Jonathan Chalett.  This motion questions whether the opinions of Drs. Kiesel, Howard and

2  Chalett are only "opinions based on untested hypothesis and personal opinions that do no satisfy

3  the rigors of *Daubert v. Merrill Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S. Ct. 2768

4  (1993).".

5        Another way to put the question raised by this motion is whether plaintiffs' medical

6  experts' opinions on causation are "*ipse dixit*" (defined by the Honorable Jack E. Tanner as

7  "because I said so") or whether their opinions, as to causation, are reached on an appropriate

8  differential diagnosis basis.  The qualifications of plaintiffs' medical experts is not questioned by

9  this motion.

10        The court is mindful that this comes before the court on a motion for summary judgment

11  under Federal Rule of Civil Procedure 56, that requires the defendants to show that there are no

12  issues of material fact regarding the admissibility of plaintiffs' medical experts' opinions.  Oral

13  argument has been requested, but would not be of assistance to the court.

14        To make what could be a long story short, it appears to the court that, at least, there are

15  material issues of fact as to the accuracy and admissibility of the opinions of plaintiffs' medical

16  experts under Evidence Rule 702 and under *Daubert* and its progeny.  A jury can properly

17  determine whether to accept the plaintiffs' medical expert opinions or not, based on the testimony

18  at trial, the opinions of other experts, and cross examination regarding the bases for those

19  opinions.  The motion should be denied.

20        In regard to defendants' "safety experts" Drago and Deppa, it appears that they may have

21  admissible opinions regarding the safety of the Nojo sling.  It also appears clear, however, that

22  they should not be allowed, based on their qualifications, to testify as to the medical issue of the

23  cause of death in this case.

24  ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON CAUSATION-
2

1    The court also wishes to call counsels' attention to Western District of Washington Local

2  Civil Rule 16(l) regarding determination of the number of expert witnesses to be permitted to

3  testify on any one subject.

4    It is now ORDERED that Defendants' Motion for Summary Judgment on Causation (Dkt.

5  51) is DENIED.

6    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

7  to any party appearing *pro se* at said party's last known address.

8    Dated this 18th day of April, 2012.

9

10

ROBERT J. BRYAN
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24  ORDER DENYING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT ON CAUSATION-
3