Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANN HENEGHAN, individually, and as Personal Representative of the Estate of CATHLEEN DELIA ROSS, and JOHN ROSS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CROWN CRAFTS INFANT PRODUCTS, INC., d/b/a/ NOEL JOANNA, INC., a Delaware Corporation; WILLIAM SEARS, M.D. d/b/a SEARS PEDIATRICS AND FAMILY MEDICINE, INC., a California corporation,<br><br>Defendants. | NO. 3:10-cv-05908-RJB<br><br>MOTION TO MAINTAIN CONFIDENTIALITY OF SETTLEMENT AMOUNT<br><br>NOTE ON MOTION CALENDAR: JUNE 15, 2012 |

## I.  RELIEF REQUESTED AND STATEMENT OF FACTS

This case involves the death of Cathleen Ross ("Cathleen"), a three-month-old infant, who was found unresponsive shortly after falling asleep in a NoJo Original Baby Sling ("NoJo sling"), in October 2004, and died three days later. Plaintiffs Ann Heneghan and John Ross ("Plaintiffs") asserted a claim for violation of the Washington Product Liability Act ("the Act")

DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY OF SETTLEMENT AMOUNT - 1 -

535907/052912 1741/55910094

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

against Defendants Crown Crafts Infant Products, Inc. ("Crown Crafts") and William Sears, MD ("Dr. Sears"). On May 15, 2012, the parties settled Plaintiffs' claims against Defendants. Defendants respectfully move this Court for an order approving the parties' agreement that the amount of settlement, and the negotiations leading up to the settlement of this matter, be kept strictly confidential between Plaintiffs and Defendants.

The parties have drafted a Full Release and Hold Harmless Agreement that includes a confidentiality provision specifying that the amount of the settlement and the negotiations leading up to the settlement will not be disclosed to third parties. The Release states in relevant part:

> The amount of the settlement is strictly confidential. The Releasing Parties agree that neither they, nor anyone acting on their behalf, shall publicize or disclose to third persons the amount of this settlement; or the negotiations leading up to the settlement. Nothing herein shall be construed to prevent any disclosure which is reasonably necessary to consummate this settlement, or to obtain tax advice or which is otherwise required by law to be made to governmental agencies or others. The confidentiality of the amount of the settlement shall be maintained until the issue is addressed by the Court through motion which shall be brought no later than June 1, 2012 and this paragraph shall be moot unless affirmed by the Court. Plaintiffs agree not to oppose such motion regarding the applicability of RCW 4.24.611 and Defendants agree to limit any such request to the amount of the settlement or the negotiations leading up to the settlement.

## II.   ISSUE PRESENTED

Whether the Court should approve the parties' agreement not to disclose the amount of settlement, or the negotiations leading up to the settlement, to third parties since RCW 4.24.611 does not apply to this information where there is no request to seal the pleadings or otherwise prevent the public's access to the allegations asserted in this case?

## III.   EVIDENCE RELIED UPON

This motion is supported by the records and files herein.

DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY OF SETTLEMENT AMOUNT - 2 -

535907/052912 1741/55910094

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

## IV. ARGUMENT

Plaintiffs and Defendants have mutually agreed to settle this matter for a sum that Defendants wish to maintain as confidential. No part of the underlying pleadings or proceedings in the case have been sealed or labeled as confidential. As such, Defendants assert that RCW 4.24.611 is inapplicable to the amount of settlement, or the negotiations leading up to the settlement. Parties are free to negotiate settlement terms, one of which in the present matter is maintaining the settlement amount as confidential.

RCW 4.24.611 provides in relevant part:

> (1)(a) "Product liability/hazardous substance claim" means a claim for damages for personal injury, wrongful death, or property damage caused by a product or hazardous or toxic substances, that is an alleged hazard to the public and that presents an alleged risk of similar injury to other members of the public.
>
> (b) "Confidentiality provision" means any terms in a court order or a private agreement settling, concluding, or terminating a product liability/hazardous substance claim, that limit the possession, disclosure, or dissemination of information about an alleged hazard to the public, whether those terms are integrated in the order or private agreement or written separately.
>
> (c) "Members of the public" includes any individual, group of individuals, partnership, corporation, or association.
>
> (2) Except as provided in subsection (4) of this section, members of the public have a right to information necessary for a lay member of the public to understand the nature, source, and extent of the risk from alleged hazards to the public.
>
> (3) Except as provided in subsection (4) of this section, members of the public have a right to the protection of trade secrets as defined in RCW 19.108.010, other confidential research, development, or commercial information concerning products or business methods.
>
> (4)(a) Nothing in this chapter shall limit the issuance of any protective or discovery orders during the course of litigation pursuant to court rules.

DEFENDANTS' MOTION TO MAINTAIN
CONFIDENTIALITY OF SETTLEMENT
AMOUNT - 3 -

535907/052912 1741/55910094

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

(b) Confidentiality provisions may be entered into or ordered or enforced by the court only if the court finds, based on the evidence, that the confidentiality provision is in the public interest. In determining the public interest, the court shall balance the right of the public to information regarding the alleged risk to the public from the product or substance as provided in subsection (2) of this section against the right of the public to protect the confidentiality of information as provided in subsection (3) of this section.

(5)(a) Any confidentiality provisions that are not adopted consistent with the provisions of this section are voidable by the court.

(b) Any confidentiality provisions that are determined to be void are severable from the remainder of the order or agreement notwithstanding any provision to the contrary and the remainder of the order or agreement shall remain in force.

(c) Nothing in RCW 4.24.601 and this section prevents the court from denying the request for confidentiality provisions under other law nor limits the scope of discovery pursuant to applicable court rules.

While this case involves product liability claims, the confidentiality provision in the parties' Release does not seek to "limit the possession, disclosure, or dissemination of information about an alleged hazard to the public." RCW 4.24.611(1)(b). Even with an order preventing the disclosure of the negotiations leading up to settlement, or the settlement amount itself, in the present matter, the public will retain access to all allegations and responsive pleadings regarding the alleged hazardous product, the NoJo sling. Based on this access, the parties' confidentiality provision in this case will not restrict the "right to information necessary for a lay member of the public to understand the nature, source, and extent of the risk from alleged hazards to the public." RCW 4.24.611(2).

Accordingly, it is Defendants' position that RCW 4.24.611 does not apply to the narrow terms of the confidentiality provision agreed to by the parties.

DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY OF SETTLEMENT AMOUNT - 4 -

535907/052912 1741/55910094

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

### V. CONCLUSION

The public's right to information necessary to assess the alleged hazards to the public claimed in the present matter will not be affected by the narrow confidentiality provision agreed to between Plaintiffs and Defendants limiting disclosure only of the negotiations leading up to settlement, or the settlement amount itself. Accordingly, RCW 4.24.611 does not apply to the confidentiality term requested. Defendants respectfully request, therefore, that the Court enter an order approving the parties' agreement that the amount of the settlement, and the negotiations leading up to settlement, shall remain confidential between the parties.

DATED this 29th day of May, 2012.

BETTS, PATTERSON & MINES, P.S.


By   /s/ Christopher W. Tompkins
   Christopher W. Tompkins, WSBA #11686
   ctompkins@bpmlaw.com
Attorneys for Defendants
Betts Patterson & Mines, P.S.
701 Pike Street, Suite 1400
Seattle, WA  98101
Phone: (206) 292-9988
Facsimile: (206) 343-7053

DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY OF SETTLEMENT AMOUNT - 5 -

535907/052912 1741/55910094

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2012, I electronically filed the foregoing document, Motion to Maintain Confidentiality of Settlement Amount, with the Clerk of the U.S. District Court for the Western District of Washington using the CM/ECF system, which will send notification of such filing to The Honorable Robert J. Bryan and all counsel of record:

**Counsel for Plaintiff:**
John R. Connelly, Jr.
Micah R. LeBank
CONNELLY LAW OFFICES
2301 North 30th St
Tacoma, WA  98403
Email: jconnelly@connelly-law.com
Email: mlebank@connelly-law.com

By  /s/ Shane Kangas
   Shane Kangas
   Legal Assistant
   Betts, Patterson & Mines, P.S.
   701 Pike Street, Suite 1400
   Seattle, WA 98101-3927
   Phone:  (206) 292-9988
   Fax:  (206) 343-7053
   Email:  skangas@bpmlaw.com

DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY OF SETTLEMENT AMOUNT - 6 -

535907/052912 1741/55910094

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988